UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CFG MERCHANT SOLUTIONS, LLC,

                Plaintiff,

-against-

RRAL ENTERPRISES, LLC D/B/A ACCESS DIAGNOSTIC INSTITUTE; RHEA BIRUSINGH,

                Defendants.

23-CV-9650 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    On November 1, 2023, Defendant Rhea Birusingh, who is appearing *pro se*, filed a notice of removal seeking to remove this action from the Supreme Court of the State of New York, County of New York. To proceed with a civil action in this Court, a party must either (1) pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee, or (2) request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, by submitting a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Birusingh submitted this filing by emailing her submission to the Court's designated email address for filing a new case by email. The Court's procedures for filing a new case by email, which are posted on the Court's website, require the filer to either (1) email a completed and signed IFP application, or (2) pay the filing fees of $402.00 by certified check or money order, made out to Clerk, USDC, SDNY, and mailed to: Cashiers Room 120, 500 Pearl Street, New York, NY 10007. While the Court's procedures allow a filer 21 days to pay the filings fees, these procedures explain that the Court cannot take any action on this case until she files a completed and signed IFP application or pays the filing fees. Because this action was removed from state court, and therefore implicates ongoing state court proceedings, the Court directs

Birusingh to either pay the filing fees or file an IFP application within 10 days. Thus, within 10 days of the date of this order, Plaintiff must pay the filing fees or complete and submit the attached IFP application.

If Birusingh complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If she fails to comply with this order within the time allowed, the action will be remanded to the Supreme Court of the State of New York, County of New York.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 2, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge